d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HARRY BRAXTON, Plaintiff | CIVIL ACTION NO. 1:18-cv-00712 |
| VERSUS | JUDGE DRELL |
| TAKATA CORP., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Proceed In Forma Pauperis (Doc. 2) filed by Plaintiff, Harry Braxton ("Braxton"). Because Braxton has the means to pay the filing fee, and would not suffer a significant financial burden in doing so, Braxton's motion should be denied.

I. Background

Through counsel, Braxton filed suit on May 29, 2018. (Doc. 1). The next day, Braxton filed the Motion to Proceed In Forma Pauperis. (Doc. 2). Braxton signed, filed, and attached to the Motion an "Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2-1), which details his assets and liabilities. As discussed below, Braxton's income exceeds his monthly expenses. And Braxton reported no long-term liabilities or other financial hardships.

II. Law and Analysis

Applications for leave to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which states, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,

> or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The district court has discretion to grant or deny a request to proceed in forma pauperis. Williams v. Estelle, 681 F.2d 946, 947 (5th Cir. 1982) (citing Green v. Estelle, 649 F.2d 298, 302 (5th Cir. 1981)). A party does not need to be completely destitute in order to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit which states that the party cannot pay, because of his poverty, and still be able to provide himself and dependents with the necessities of life, is sufficient. Id. However, it is well-settled that in forma pauperis status "should not be granted by the Court unless it reasonably appears that the cost of filing would be beyond petitioner's means." Carroll v. United States, 320 F.Supp. 581, 582 (S.D. Tex. 1970).

Applying these standards, a court denied a motion to proceed in forma pauperis where the plaintiff had a monthly income of $3,400.00, and monthly expenses totaling $3,846.00, a home (valued at $101,000.00), two vehicles (valued at $40,000.00 and $3,000.00, respectively), and $200.00 each in cash and in a bank account. Buckhaulter v. Bank of America Corp., No. 3:14-CV-545, 2014 WL 4370619 (S.D. MS. Aug. 29, 2014). The court found that the family would not be rendered destitute given the home and vehicle ownership. Id. Another court denied in forma pauperis status

---

[1] The use of the word "prisoner" was an oversight. This paragraph applies to all individuals, not just prisoners. Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997).

2

to a plaintiff with one dependent, a monthly income of $3,025.00, a home and two cars (one of which belonged to his spouse), and a savings account with $76.00. Duran v. Macias-Price, No. 1:07-cv-01209, 2007 WL 2462066 (E.D. Ca. Aug. 27, 2007); see also Ponder v. Schultz, No. 3:02-CV-1353, 2002 WL 3114054 (N.D. TX. Sept. 20, 2002) (a combined monthly income of $2,876.00 was enough to deny in forma pauperis status).

Here, Braxton reports a total monthly income (consisting of Social Security and retirement benefits) of $2,230, and a checking or savings account containing $1,400. His monthly living expenses for rent, electricity, transportation, medical expenses, and insurance total $1,400. While Braxton reports no other items of value owned, he also reports no dependents, and no other debts or financial obligations. He therefore reports $830 in monthly disposable income in addition to $1,400 in cash.

Braxton plainly has the means to pay the filing fee. And given his financial situation, Braxton would not be deprived of life's necessities – or even financially compromised – if he did so.

### III. Conclusion

Accordingly,

IT IS RECOMMENDED that Braxton's Motion to Proceed In Forma Pauperis (Doc. 2) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 4th day of June, 2018.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE