UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **HARRY BRAXTON** | **CASE NO. 1:18-CV-00712** |
| **VERSUS** | **JUDGE DRELL** |
| **TAKATA CORP ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING

Before the court is defendant General Motors, LLC's motion for summary judgment (Doc. 69) wherein it seeks dismissal of all claims against it. The motion is unopposed. For the reasons expressed herein, Defendant's motion will be **GRANTED**.

**I.     BACKGROUND**

Plaintiff Harry Braxton ("Braxton") filed suit against Takata Corporation, TK Holdings, Inc., Highland Industries, Inc., and General Motors Company seeking damages for personal injuries he sustained as a result of an motor vehicle accident that occurred on May 28, 2017. Braxton alleges he was driving his 2000 Chevrolet 1500 pickup truck southbound on Interstate-49 when he hit water on the road causing the vehicle to veer off the roadway, hit a guardrail and spin clockwise. Braxton alleges that despite the collision, his airbags did not properly deploy causing him to suffer severe and substantial injuries.

Braxton filed the instant suit against the defendants on May 29, 2018. On February 22, 2019, the court granted Braxton's voluntary motion to dismiss Takata Corporation. (Doc. 43) and on May 10, 2019, the court granted his voluntary motion for dismissal of Takata Corporation, TK Holdings, and Highland Industries, Inc. (Doc. 60). Accordingly, the only defendant remaining in the matter is General Motors Company ("GM") who now seeks dismissal arguing plaintiff cannot establish his burden of proof under the Louisiana Products Liability Act ("LPLA").

## II.  LAW AND ANALYSIS

### A. Summary Judgment

Fed. R. Civ. P. 56 provides that any party may move for summary judgment as to one or more claims or defenses. "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### B. Louisiana Products Liability Act

Braxton asserts a claim under La. Civ. Code art. 2315 for negligent/fraudulent misrepresentation and failure to warn; however, the LPLA provides the exclusive theories of liability for manufacturers for damages caused by their products. La. R.S. 9:2800.51, *et. seq.* A plaintiff may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in the LPLA. La. R.S. 9:2800.52

Under the LPLA, a manufacturer of a product "shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant...." La. R.S. 9:2800.54(A). Plaintiff must establish the following four elements under the LPLA:

(1)  That the defendant is a manufacturer of the product;
(2)  That the claimant's damage was proximately caused by a characteristic of the product;
(3)  That this characteristic made the product "unreasonably dangerous"; and
(4)  That the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir.2002). A plaintiff may prove a product is "unreasonably dangerous" in composition, in design, because of an inadequate warning, or

2

because it does not conform to an express warranty of the manufacturer about the product. La. R.S. §9:2800.54 (B) and (D).

GM maintains Braxton has failed to provide any evidence that his 2000 Chevrolet 1500 pickup truck contained an unreasonably dangerous condition when it left the control of the manufacturer as he has not established the elements of any of the LPLA's theories of recovery and has not named an expert witness who can help him establish either the existence of a defect or causation.

Braxton has not filed an opposition to this motion for summary judgment and a review of the record reveals nothing other than conclusory statements and bald assertions that Braxton's 2000 Chevrolet 1500 pickup truck contained an unreasonably dangerous condition when it left GM's control. The time period within which Braxton had to name an expert witness as to defect and/or causation has passed. Accordingly, we find that Braxton has not and will not be able to carry his burden of proof at trial with respect to his claims under the LPLA.

### C. Braxton's Additional Claims

Braxton also asserts a claim for redhibition under La. Civ. Code art. 2520, a claim under the Magnuson-Moss Warranty Act for breach of an implied warranty, 15 U.S.C.A. §23.01(7), and a claim for breach of implied warranty of merchantability. "[C]ourts in Louisiana have held unequivocally that actions based on a breach of warranty against defects are to be brought in redhibition instead of breach of contract." PPG Indus. V. Industrial Laminates Corp., 664 F.2d 1332, 1335 (5th Cir.1982). Accordingly, the breach of implied warranty of merchantability is evaluated under the Civil Code articles on redhibition.

The same is true for the claim under the Mangunson-Moss Warranty Act. The Act, which governs consumer product warranties, provides consumers with a private right of action for breach

of implied warranty. However, courts are to apply state law in evaluating claims brought under the Act.

> La. Civ. Code art. 2520 provides:
>
> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect his redhibitory when it renders the thing useless, or its use is so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtained the rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the rights of a buyer to a reduction of the price.

As previously stated, Braxton has merely asserted the 2000 Chevrolet 1500 pickup truck contained defects. He has failed to come forward with any evidence in support of his allegation. The same is true with respect to his claims that GM breached its implied warranties. Without evidence establishing the breach of a warranty, all three of these claims fail and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, GM's motion for summary judgment will be granted as to all claims. The court will issue a judgment in conformity with these findings.

**THUS DONE AND SIGNED** this 15 day of April 2020, at Alexandria, Louisiana.

**DEE D. DRELL, JUDGE**
**UNITED STATES DISTRICT COURT**